# EXHIBIT A

Unpublished Disposition
187 F.3d 630
NOTICE: THIS IS AN UNPUBLISHED OPINION.
(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. See CTA4 Rule 32.1.
United States Court of Appeals, Fourth Circuit.

Giao NGUYEN, Plaintiff-Appellant,
v.
INOVA ALEXANDRIA HOSPITAL, Defendant-Appellee.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Amicus Curiae.

No. 98-2215. Argued June 8, 1999. Decided July 30, 1999.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria, CA-97-1935-A; Albert V. Bryan, Jr., Senior District Judge.

**Attorneys and Law Firms**

Joseph V. Kaplan, Passman & Kaplan, P.C., Washington, D.C., for Appellant.

Susan Lisbeth Starr, Equal Employment Opportunity Commission, Washington, D.C., for Amicus Curiae.
Michael Frank Marino, Reed, Smith, Shaw & McClay, L.L.P., McLean, Virginia, for Appellee.
ON BRIEF: Susan E. Jewell, Passman & Kaplan, P.C., Washington, D.C., for Appellant. Thomas P. Murphy, Eric A. Welter, Reed, Smith, Shaw & McClay, L.L.P., McLean, Virginia, for Appellee. C. Gregory Stewart, General Counsel, Philip B. Sklover, Associate General Counsel, Vincent J. Blackwood, Assistant General Counsel, Equal Employment Opportunity Commission, Washington, D.C., for Amicus Curiae.

Before MICHAEL, C.J., HOWARD, U.S.D.J., for the Eastern District of North Carolina, sitting by designation, and FRIEDMAN, U.S.D.J., for the Eastern District of Virginia, sitting by designation.

Opinion

**OPINION**

PER CURIAM:

*1 Giao Nguyen (hereinafter "Nguyen") filed suit in federal district court against her former employer, INOVA Alexandria Hospital (hereinafter "Alexandria Hospital") and claimed national origin discrimination, harassment and retaliation during the course of and in the termination of employment. Nguyen claimed that such alleged discriminatory acts by her employer are in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Alexandria Hospital moved for summary judgment on all of Nguyen's claims.

The district court dismissed Nguyen's action as untimely. Nguyen moved for reconsideration of the district court's order and such motion was denied. Finding no error below, we affirm.

**I.**

Nguyen worked as a registered nurse in the intensive care unit of Alexandria Hospital from December 7, 1981, until her termination on June 18, 1996. After exhausting internal review procedures at the Hospital, on February 15, 1997, Nguyen filed a charge with the City of Alexandria's Office for Human Rights alleging national origin discrimination, harassment and retaliation. On February 20, 1997, the complaint was forwarded to the Equal Employment Opportunity Commission ("EEOC") pursuant to the worksharing agreement between the local agency and the EEOC.

The EEOC found no probable cause for discrimination and issued a Notice of Right to Sue by regular mail and date-stamped August 20, 1997. The letter informed Nguyen that "should you wish to pursue the matter in court, suit must be filed within 90 days of your receipt of this letter." The EEOC also included a document entitled "Dismissal and Notice of Rights" explaining the limitations period. In the document, the EEOC reiterated that "[i]f you decide to sue, you must sue *WITHIN 90 DAYS* from your receipt of this Notice."

The Notice of Right to Sue arrived at Nguyen's mailbox sometime between August 22, 1997 and September 1, 1997. Nguyen was on vacation during that time and had specifically asked her neighbors to collect her mail while she and her family were away. When Nguyen and her family returned from vacation on September 1, 1997, Nguyen's husband picked up their mail from the neighbors. The next day, on September 2, 1997, Nguyen opened the EEOC's letter.

On September 9, 1997, Nguyen telephoned legal counsel and sought advice on her discrimination case. An initial consultation was originally scheduled for September 19, 1997, and Nguyen was told to bring her EEOC complaint file to the meeting. Nguyen did not retrieve her file in time for the meeting and the meeting was rescheduled for September 26, 1997.1 Apparently at that meeting, legal counsel told Nguyen to gather corroborating evidence in support of her allegations.

On November 20, 1997, Nguyen's lawyers first contacted counsel for Alexandria Hospital seeking a settlement of Nguyen's potential claims. In the letter, Nguyen's counsel addressed the 90-day limitations period:

> *2 Given the short statute of limitations, I must ask that you provide me with a response as soon as possible. The 90-day right to sue letter is dated August 20, 1997, and Ms. Nguyen received it September 2, 1997, when she and her family returned from an out-of-town trip. Therefore, Ms. Nguyen will need to file a civil action no later than December 1, 1997, in order to protect her rights.

Counsel for the Hospital promptly responded by letter on November 24, 1997, and indicated that a response to the settlement proposal would be forthcoming. Two days later, counsel for the Hospital rejected the settlement proposal and specifically addressed the limitations period:

> Lastly, I am not at all convinced that Ms. Nguyen's claim is not barred by the statute of limitations, and am curious about her assertion of when she allegedly "received" the 90-day right-to-sue letter. If suit is filed, we will pursue that issue thoroughly.

On November 28, 1997, Nguyen filed a *pro se* complaint in the United States District Court for the Eastern District of Virginia. Alexandria Hospital moved to dismiss on the ground that Nguyen had pled under the Alexandria Human Rights Code for which there is no cause of action. The district court permitted Nguyen to amend her complaint and plead claims under Title VII.

Alexandria Hospital filed a motion for summary judgment on all claims. The district court dismissed the action as untimely. The district court held that the 90-day period began to run on the day the EEOC letter was delivered by the U.S. Postal Service to Nguyen's residence. Since the date of actual delivery was unknown, the district court applied the presumption of a three-day delivery period under Rule 6(e) of the Federal Rules of Civil Procedure. Thus, the district court found that the EEOC letter had been delivered on August 23,1997, and the 90-day period expired on November 21, 1997, seven days before the action was filed and therefore the action was time-barred. In addition, the court found that no reasons existed to apply the doctrine of equitable tolling. Nguyen filed a motion for reconsideration and the same was denied.

II.

We must review the district court's grant of summary judgment in favor of Nguyen *de novo* on appeal. In that sense, we must apply the same standard used by the district court itself. *See Conkwright v. Westinghouse Elec. Corp.,* 933 F.2d 231, 233 (4th Cir.1991). "[T]he non-moving party is entitled to have his evidence as forecast assumed, his version of that in dispute accepted, and the benefit of all favorable inferences." *Id.* at 233. *See also EEOC v. Clay Printing Co.,* 955 F.2d 936, 940 (4th Cir.1992).

The parties dispute whether delivery of a notice of right to sue letter to a claimant's home, where it is picked up by a delegated neighbor, is effective notice of the claimant's judicial rights. 42 U.S.C. § 2000e-5(f)(1) provides that if the EEOC finds no probable cause on a complaint, the agency "shall so notify the person aggrieved and within 90 days after the giving of such notice a civil action may be brought...." *Id.* The agency's own regulations direct that a notice of right to sue shall include "[a]uthorization to the aggrieved person to bring a civil action under Title VII ... within 90 days from receipt of such authorization." 29 C.F.R. § 1601.28(e)(1). The EEOC's letter informs the individual that he or she has 90 days after receipt in which to file suit. *Id.*

*3 The date on which the claimant received the EEOC letter becomes critical in determining the commencement of the 90-day period. In ascertaining the delivery date, we have rejected an "actual receipt" rule. *Harvey v. City of New Bern Police Dep't,* 813 F.2d 652, 654 (4th Cir.1987). Instead, we have engaged in "a case-by-case examination to determine if an equitable tolling of the filing period is appropriate." *Id.* at 654. In the context of individual cases, we have held that delivery of a notice of right to sue triggered the limitations period. *See id.* (wife's receipt of notice letter triggered the 90-day period); *see also Watts-Means v. Prince George's Family Crisis Ctr.,* 7 F.3d 40, 42 (4th Cir.1993) (Postal Service's notice to claimant that she could pick up the letter triggered the limitations period); *Harper v. Burgess,* 701 F.2d 29, 30 (4th Cir.1983) (notice to plaintiff's counsel triggered limitations period and failure to notify EEOC of change of address was bar to equitable tolling).

We have also utilized procedural rules in ascertaining the receipt date of notice of right to sue letters. Of course, if

the actual date of receipt is confirmed by evidence, that date governs. *Dixon v. Digital Equip. Corp.,* 976 F.2d 725, 1992 WL 245867, *1 (4th Cir. Sept. 30, 1992) (unpublished); *Williams v. Enterprise Leasing Co. of Norfolk/Richmond,* 911 F.Supp. 988, 991-992 (E.D.Va.1995). If the date is unknown, however, it is presumed that service by regular mail is received within three days pursuant to Rule 6(e) of the Federal Rules. Fed.R.Civ.P. 6(e); *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 148, n. 1, 104 S.Ct. 1723, 1724, 80 L.Ed.2d 196 (1984) (suggesting that Rule 6(e) applies when parties dispute the date of receipt).2

In this matter, we hold that the limitations period began to run when the Notice of Right to Sue was delivered to Nguyen's home and picked up by a designated neighbor. The letter was mailed on August 20, 1997, but the date on which the letter was actually delivered to Nguyen's home is in dispute.3 In this situation, the district court's application of the presumption rule under Rule 6(e) was proper. Applying the three day rule, the letter is presumed to have been delivered to Nguyen on August 23, 1997, and the limitations period expired ninety days later on November 21, 1997.

The remaining question we must consider is whether there are equitable considerations sufficient enough to support the exercise of equitable tolling. We find that the equities do not weigh in favor of extending the 90-day period. Nguyen delegated her neighbors to pick up her mail while she and her family were on vacation. The neighbors acted as Nguyen's agent when they collected the Notice of Right to Sue letter and all other mail delivered to Nguyen's home between August 22, 1997, and September 1, 1997.

*4 In any case, Nguyen had ample opportunity to file a complaint once she was in actual receipt of the EEOC letter. Nguyen opened the EEOC letter on September 2, 1997. Even then, Nguyen had 80 days to file her complaint before the 90-day deadline on November 21, 1997.4 In similar situations, we have found that there were no grounds for equitable tolling. *See Watts-Means,* 7 F.3d at 42 (equitable tolling inappropriate where plaintiff had 85 days to file claims); *Harvey,* 813 F.2d at 654 (equitable tolling inappropriate where plaintiff had 84 days to file his complaint).

Appearing as amicus curiae, the EEOC urges us to adopt a rule that excuses the limitations period for claimants who ask their neighbors to collect their mail while away from home.5 When pressed at oral argument, however, the EEOC conceded that it has implemented cost-cutting measures and no longer sends its notice of right to sue letters by certified mail. The agency's current mailing system means that the date of actual delivery may not always be ascertainable. Nonetheless, we do not think that an agency's budgetary considerations provide a sound rationale for an open-ended time extension under Title VII. That is especially so in this case where Nguyen's neighbors acted as her agent and received the Notice of Right to Sue on her behalf.

Indeed, this is a much different situation than what we encountered in *Ish v. Arlington County Virginia,* 918 F.2d 955, 1990 WL 180127, *1 (4th Cir. Nov. 21, 1990) (unpublished). In that case, the receptionist of the claimant's landlord had not been designated to collect the claimant's mail, but she had come into receipt of his notice of right to sue. We held that the limitations period did not commence upon receipt by the receptionist since she was not acting as the agent for the claimant. *Id.* Here, by contrast, Nguyen's neighbors were acting as Nguyen's agent and were the intended recipient of the EEOC letter.

Nguyen's argument that Alexandria Hospital induced her to sit on her rights is unavailing. Through her lawyers, Nguyen did not even notify Alexandria Hospital of her potential suit until November 20, 1997, or one day before the 90-day period ended. Alexandria Hospital promptly responded to Nguyen's offer of settlement four days later. There simply is no basis for this argument.

Nguyen's contention that she was hindered by administrative delay is equally unavailing. Nguyen asserts that the EEOC did not provide a copy of her administrative file until September 26, 1997. As of that date, Nguyen had 56 days to file her complaint. Here, the legal mistake was Nguyen's own fault and there is no justification for tolling the 90-day period. *See Citicorp Person-to-Person Fin. Corp. v.Brazell,* 658 F.2d 232, 234-235 (4th Cir.1981).6

### III.

*5 For the reasons set forth, we affirm the district court's dismissal of Nguyen's claims as time-barred.

*AFFIRMED*

**Parallel Citations**

1999 WL 556446 (C.A.4 (Va.))

Footnotes

WestlawNext © 2010 Thomson Reuters. No claim to original U.S. Government Works.    3

1   Nguyen claims that the delay in retrieving her file is attributed to the EEOC. This allegation is discussed later in the opinion.

2   Federal Rule of Civil Procedure 6(e) states:
    (e) Additional Time After Service by Mail.
    Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

3   Indeed, Nguyen testified at her deposition that she is in possession of the envelope presumably showing the post-mark date on which the letter was sent. By not submitting the envelope as evidence, Nguyen has placed the issue of notice in dispute.

4   This is computed by adding the actual number of days left in the 90-day period from September 2, 1997, the date Nguyen opened the letter.

5   In defense of their position, the EEOC asserts that claimants have a right to privacy in the EEOC charge proceedings. According to the EEOC, the claimant's right of privacy would be undermined if the claimant were compelled to inform her neighbors. We find the EEOC's reasoning to be unpersuasive.

6   We find that all of Nguyen's other grounds for equitable tolling are without foundation.

End of Document    © 2010 Thomson Reuters. No claim to original U.S. Government Works.