# EXHIBIT B

Unpublished Disposition
918 F.2d 955
NOTICE: THIS IS AN UNPUBLISHED OPINION.
(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. See CTA4 Rule 32.1.
United States Court of Appeals, Fourth Circuit.

Marye Elizabeth ISH, Plaintiff-Appellant,
v.
ARLINGTON COUNTY VIRGINIA, William L. Hughes, Defendants-Appellees.

No. 90-2433.Submitted Sept. 28, 1990.Decided Nov. 21, 1990.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CA-90-855-A)

**Attorneys and Law Firms**

Marye Elizabeth Ish, appellant pro se.

Peter Harlan Maier, Assistant County Attorney, Arlington, Va., for appellees.

E.D.Va.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

Before SPROUSE and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.

**Opinion**

PER CURIAM:

*1 Marye Elizabeth Ish appeals the district court's order granting the defendant's motion for summary judgment in her employment discrimination action.

In June 1989 she filed a complaint with the EEOC claiming defendants had violated 42 U.S.C. § 2000(e). Ish was sent a right to sue letter dated March 19, 1990. The return receipt indicates that a receptionist in Ish's apartment building signed for the letter on March 20, 1990. The receptionist's log verifies this date. Ish later signed the log to acknowledge receipt of the letter, but there was no place provided to indicate the date of her signature. A different receptionist actually gave Ish the letter but does not recall when that event occurred. Ish claims she received the letter on or about March 21, 1990.

Ish appeared to file her complaint pro se on June 19, 1990. She was told by the court staff to delay paying the filing fee until the magistrate ruled on her application to proceed in forma pauperis. As instructed, she called the next afternoon and the court staff informed her that the magistrate had denied her application. The staff directed her to come to court and pay her filing fee the next day, which she did.

The district court equitably tolled the 90-day statute of limitations in 42 U.S.C. § 2000e-5(f)(1) to exclude any time after Ish first appeared on June 19, 1990. Although the district court found that Ish received the letter on or about March 21, it ruled that the statute of limitations had expired.

I

We affirm the district court's equitable tolling of the 90-day period to exclude any time after June 19, 1990. The defendants concede that the court should consider June 19 to be the date Ish filed her complaint. The facts in this case seem to be exactly the type suitable for the equitable tolling allowed under *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982).

II

We reverse the district court's decision in part, however, because Federal Rule of Civil Procedure 6(e) provides the presumption that if the date of receipt is unknown or in dispute, courts presume receipt three days after mailing. *Russell v. American Tobacco Co.,* 528 F.2d 357, 365 (4th Cir.1975). The United States Supreme Court applied this rule to the receipt of an EEOC notice in *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 148 n. 1 (1984). Three circuits have held that Rule 6(e) does not automatically extend § 2000e-5(f)(1) by an additional three days if the date of receipt is undisputed because the 90 days begins on receipt of the right to sue letter, not on mailing. *Peete v. American Standard Graphic,* 885 F.2d 331 (6th Cir.1989); *Mosel v. Hills Dep't Store, Inc.,* 789 F.2d 251 (3d Cir.1986); *Norris v. Florida Dep't of Health and Rehabilitative Services,* 730 F.2d 682 (11th Cir.1984). We adopt the reconciliation of these positions suggested in *Griffin v. Prince William Hosp. Corp.,* 716 F.Supp. 919, 921 n. 7 (E.D.Va.1989), which held that

although Rule 6(e) does not automatically provide a three-day extension to § 2000e-5(f)(1), it does provide a presumption of receipt three days after mailing if the parties dispute the date of receipt. *See also Mosel,* 789 F.2d at 253 n. 2 (recognizing that Rule 6(e) is applicable if parties dispute date of receipt); *Robinson v. City of Fairfield,* 750 F.2d 1507, 1510 n. 4 (11th Cir.1985) (recognizing that *Baldwin County Welcome Center* may undercut *Norris*).

*2 Defendants argue that *Harvey v. City of New Bern Police Dep't,* 813 F.2d 652 (4th Cir.1987), holds that the 90-day period begins on delivery to the plaintiff's residence. Hence, they argue, because the apartment building receptionist indisputably received the letter on March 20, the 90 days began to run then.

*Harvey,* however, purports only to adopt a "flexible" rule, requiring specific factual inquiries as to the appropriateness of equitable tolling. 813 F.2d at 654. Moreover, the facts in *Harvey* and all the cases therein cited involve a member of the plaintiff's immediate household receiving the right to sue letter. Such is not the case here; instead an employee of Ish's landlord received the notice. Ish in no way appointed the landlord's employee to receive notice for her. *See Cumbow v. Vermont American Corp.,* 586 F.Supp. 873 (W.D.Va.1984) (notice to former attorney not sufficient to trigger running of 90-day period). Thus the flexible rule in *Harvey* does not begin to operate until someone acting as the plaintiff's agent, such as a member of the plaintiff's household, receives the right to sue letter.

Given the facts in this case, the 90-day period commenced with Ish's receipt of the right to sue letter. That date is in dispute and therefore Rule 6(e) provides the presumption that Ish received it three days after mailing. The right to sue letter presumably was not mailed prior to its purported date, March 19, 1990. Therefore Ish presumably received the letter by March 22, 1990, and the June 19, 1990, filing is within the 90-day statute of limitations.

Alternatively, the district court may have been misled by the parties in correctly counting the number of days between receipt of the letter and commencement of the suit. Accepting the district court's finding that Ish received the letter on or about March 21, June 19 is the 90th day if counting begins the day after receipt as required by Federal Rule of Civil Procedure 6(a).

III

The district court correctly tolled all time after the June 19, 1990, attempt to file. Applying either Rule 6(e) to resolve the disputed date of receipt of the right to sue letter or Rule 6(a) to determine the correct limitations period, we conclude that her suit was timely.

We affirm in part, reverse in part, and remand this case to the district court for further proceedings.

We dispense with oral argument because the dispositive issues have been recently authoritatively decided and argument would not aid the decisional process.

*AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.*

**Parallel Citations**

1990 WL 180127 (C.A.4 (Va.)), 18 Fed.R.Serv.3d 124

End of Document

© 2010 Thomson Reuters. No claim to original U.S. Government Works.