# EXHIBIT D

2010 WL 4340401
Only the Westlaw citation is currently available.

This decision was reviewed by West editorial staff
and not assigned editorial enhancements.

United States Court of Appeals,
District of Columbia Circuit.

Ekiti G. MESUMBE, Appellant

v.

HOWARD UNIVERSITY, et al., Appellees.

No. 10-7067.Oct. 19, 2010.

**Attorneys and Law Firms**

Ekiti G. Mesumbe, Laurel, MD, pro se.

Daniel I. Prywes, Bryan Cave LLP, Washington, DC, for
Appellees.

Before ROGERS, GRIFFITH, and KAVANAUGH,
Circuit Judges.

**Opinion**

***ORDER***

PER CURIAM.

*1 Upon consideration of the motion for summary
affirmance, the court's order to show cause filed August
6, 2010, the response thereto, the reply, and the surreply,
it is

ORDERED that the order to show cause be discharged. It
is

FURTHER ORDERED that the motion for summary
affirmance be granted. The merits of the parties' positions
are so clear as to warrant summary action. *See Taxpayers
Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297
(D.C.Cir.1987) (per curiam). The district court properly
dismissed Count I of the complaint for failure to state a
claim under 42 U.S.C. § 1981 because the complaint did
not allege the defendants discriminated against the
plaintiff because of his race, national origin, or ethnic
background. *See Gen. Bldg. Contractors Ass'n v.
Pennsylvania*, 458 U.S. 375, 382-91 (1982); *cf. Sparrow
v. United Air Lines, Inc.*, 216 F.3d 1111, 1115 (D.C
.Cir.2000); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937,
1952 (2009) (complaint did not meet the pleading
standard of Fed.R.Civ.P. 8 because it did "not contain any
factual allegation sufficient to plausibly suggest
petitioners' discriminatory state of mind"). Furthermore,
the district court did not abuse its discretion in declining
to exercise supplemental jurisdiction over the appellant's
claims arising from District of Columbia law, or in
denying the appellant the opportunity to amend his
complaint to create diversity jurisdiction. *See Carnegie-
Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *James
Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099
(D.C.Cir.1996).

Pursuant to D.C. Circuit Rule 36, this disposition will not
be published. The Clerk is directed to withhold issuance
of the mandate herein until seven days after resolution of
any timely petition for rehearing or petition for rehearing
en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

© 2010 Thomson Reuters. No claim to original U.S. Government Works.

End of Document