UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CV-00391-BO

| | |
|---|---|
| Surjit Singh Saund, an individual,<br><br>Plaintiff,<br><br>-vs-<br><br>M.M. Fowler, Inc. d/b/a Family Fare Convenience Convenience Stores, a North Carolina corporation,<br><br>Defendant. | DECLARATION OF<br>SURJIT SINGH SAUND |

Surjit Singh Saund swears, under penalty of perjury, that the following is true:

1.      I am over the age of 18 years, I am the Plaintiff in the above-captioned action, and I make this Declaration of my own personal knowledge.  I have reviewed the allegations of the Complaint, and the same are true of my own personal knowledge.

2.      From December 2003 until June 6, 2010, I resided at 621 Appledown Drive in Cary, N.C. After June 6, 2010, I had a forwarding order on my mail, to my new address.

3.      At all times from July 2008 through July 2010, I went through my mail every day or every other day, and opened every piece of mail that was delivered to me.

4.      I took an active interest in my EEOC Charge. I understood when I filed my Charge in July 2008 that the EEOC would send a copy of the Charge to M.M. Fowler, Inc. ("Fowler"), and that it might be a while before Fowler responded, so I waited a few months before beginning to call the EEOC at least every month to find out the status of the Charge, but each time I called I got the EEOC's voicemail, so I left messages.  After I had left several messages, I received a letter dated March 23, 2009 from the EEOC indicating that the office was very busy, and that its investigation was ongoing.  A true copy of that letter is attached as **Exhibit 1**.

1

5.      Throughout this process, the EEOC's regional director, Thomas Colclough, occasionally returned some of my voicemail messages a few days after I left them, but he would only tell me that the investigation was ongoing.

6.      When I was unable to obtain any updates from the EEOC other than its response that the investigation was ongoing, I asked the Sikh American Legal Defense and Education Fund (SALDEF) to help me find out what was happening with my charge. SALDEF never officially represented me with respect to my EEOC Charge, but on August 11, 2009, it sent a letter to the EEOC, along with a copy to me. A true copy of that letter is attached as **Exhibit 2**. SALDEF also explained to me that the EEOC process was very slow, and that I could expect it to take a long time for the EEOC to complete its investigation.

7.      Eventually, in response to my many voicemail messages and SALDEF's letter, I received a written response from the EEOC dated October 21, 2009. That letter said that the EEOC was not always able to respond to calls and other communications "due to [its] heavy workload," and told me that it was "in the process of obtaining [ ] additional information from the employer." The letter also said that the EEOC had informed me on May 20, 2009, of the EEOC's intention to visit Fowler and speak with Fowler's representatives. However, I did not receive any such communication in or around May 2009. A true copy of the EEOC's letter dated October 21, 2009, is attached as **Exhibit 3**.

8.      About four months later, on around February 20, 2010, I received a letter dated February 16, 2010, from the EEOC. A true copy of that letter is attached as **Exhibit 4**. The only document that was in that envelope was the document shown as Exhibit 4.

9.      Based on the EEOC's February 16, 2010 letter (Exhibit 4), I understood that the EEOC had determined that Fowler had violated my rights and, as a result, the EEOC was going to arrange a conciliation meeting between me and Fowler. The letter said that the EEOC "now invites the parties to join with it in reaching a just resolution of the matter," and that "[a] Commission representative will contact each party in the near future to begin conciliation."

2

10.     Based on that letter, I believed the EEOC would soon contact me to attempt a conciliation, and I had no reason to think that the EEOC had closed my file, or that any deadline was running for me to file a lawsuit.

11.     For two months I did not hear anything from the EEOC regarding the date of a conciliation meeting, so on April 23, 2010, I sent the EEOC a letter asking about the status. A true copy of the letter I sent the EEOC is attached as **Exhibit 5**.

12.     On around June 2, 2010, I received a letter dated May 28, 2010, from the EEOC indicating that I had previously received a Notice of Right to Sue in my case, that conciliation had failed, and that the EEOC had ended its investigation into the matter. A true copy of that letter is attached as **Exhibit 6**. The document shown as Exhibit 6 was the only document included in the envelope sent by the EEOC.

13.     I was surprised by the letter I received on around June 2, 2010 from the EEOC (Exhibit 6) because (a) the only document I received from the EEOC in February 2010 was the letter shown as Exhibit 4, which did not mention any Notice of Right to Sue; (b) I had not received any other document from the EEOC since I received the letter shown as Exhibit 4; and (c) I thought the matter was still pending and understood from the letter shown as Exhibit 4 that I would be included in the conciliation process. Accordingly, on June 8, 2010, I sent a letter to the EEOC, a true copy of which is attached as **Exhibit 7**. I also went to see an attorney (Mark Finkelstein), who then sent a letter to the EEOC on June 14, 2010. A true copy of Mr. Finkelstein's letter is attached as **Exhibit 8**. Prior to June 2010, I had not met Mr. Finkelstein and he did not represent me with respect to my EEOC Charge.

14.     In response to my letter sent on June 8, 2010 (Exhibit 7) and Mr. Finkelstein's letter dated June 14, 2010 (Exhibit 8), on around June 21, 2010 the EEOC's investigator (Mr. Morales) called me and left a voicemail saying that they were sending me a letter in the mail. After that, on around June 28, 2010 I received a Notice of Right to Sue dated June 23, 2010, a true copy of which is attached as **Exhibit 9**.

3

15.    As of the date of this Declaration, I have still not received any Notice of Right to Sue issued by the EEOC, other than the one issued on June 23, 2010, which I received on or about June 28, 2010.

16.    This Declaration does not purport to set out all facts within my personal knowledge that may be pertinent to the above-captioned matter.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States and the State of North Carolina that the foregoing is true and correct.

_____    12-20-2010
Signature                                                           Date

4



J. E. Morales
Federal Investigator
Direct Dial: 919-856-4152

1309 Annapolis Drive
Raleigh, NC 27608
TTY (919) 856-4296
FAX (919) 856-4151

*COPY*

March 23, 2009

Surjit Saund
621 Appledown Drive
Cary, NC 27513

Dear Mr. Saund:

Thank you for contacting our agency. This is to update and inform you that the investigation into your allegation(s) is ongoing. Although, we want to process charges expeditiously, we also want to ensure our process is effective and efficient. Therefore, we want to inform you that at this time due to our increased workload, we may not be able to process your charge as quickly as we would like.

We also understand that you may want to pursue the matter before EEOC concludes its processing of your charge. If you decide that you want to pursue your discrimination complaint in federal court and do not wish for EEOC to complete its processing of your charge, you may request a notice of right to sue by submitting a written request to the Director. The issuance of a notice of right to sue terminates our processing of the charge and permits you to file a lawsuit within 90 days of your receipt of the notice. If you have any questions, you may contact the undersigned. We hope this information is helpful to you.

Sincerely,

J. E. Morales
Federal Investigator

**EXHIBIT**
**1**



# FAX COVER SHEET

2009 AUG 11 PM 2:48

| | |
|---|---|
| TO | |
| COMPANY | |
| FAX NUMBER | 19198564151 |
| FROM | Manjit Singh |
| DATE | 2009-08-11 17:03:07 GMT |
| RE | SALDEF Ltr to EEOC Raleigh Area Office |

## COVER MESSAGE

EXHIBIT

2

WWW.EFAX.COM

**Sikh American Legal Defense and Education Fund (SALDEF)**
1413 K Street NW, 5th Floor, Washington, DC 20005
Tel: (202) 393-2700 | Fax: (202) 318-4433
Web: www.saldef.org | Email: info@saldef.org



2009 AUG 11  PM 2: 48

# fax

| TO: | Mr. Thomas M. Colclough<br>Director -- Raleigh Area Office | FROM: | Rajdeep Singh Jolly<br>Director of Law and Policy |
|---|---|---|---|
| FAX: | 919-856-4151 | PAGES: | 2, including cover sheet |
| PHONE: | | DATE: | 8/11/09 |
| RE: | Charge No. 433-2008-05811 | CC: | |

☐ Urgent    ☐ For Review    ☐ Please Comment    ■ Please Reply    ☐ Please Recycle



**1413 K STREET NW, 5TH FLOOR, WASHINGTON DC 20005**
**TELEPHONE: (202) 393-2700 | FACSIMILE (202) 318-4433**
**WEB: WWW.SALDEF.ORG | EMAIL: INFO@SALDEF.ORG**

August 11, 2009

Via Facsimile (919-856-4151)

Mr. Thomas M. Colclough
Director – Raleigh Area Office
U.S. Equal Employment Opportunity Commission
1309 Annapolis Drive
Raleigh, North Carolina 27608-2129

**Re: Charge No. 433-2008-05811**

Dear Mr. Colclough:

I am writing on behalf of the Sikh American Legal Defense and Education Fund (SALDEF)—the oldest Sikh American civil rights and advocacy organization in the United States—to request an update on the status of the above-referenced charge, which was filed with your office by Mr. Surjit Singh Saund approximately one year ago.

Although we do not provide legal representation to Mr. Saund, we believe that he suffered unlawful employment discrimination on account of his adherence to the Sikh religion. Notwithstanding this, we have learned that his charge is still pending and that he has not received periodic status updates.

Given our interest in this case—and its implications for Sikh Americans throughout the United States, who are routinely subjected to employment discrimination because of their religion—we respectfully request that an update be forwarded to Mr. Saund without delay and that appropriate steps be taken on his behalf to vindicate his rights.

Should you require additional information—or if additional protracted delays are expected in the investigation and resolution of this case—please let us know. On behalf of SALDEF, I offer much gratitude for your consideration.

Respectfully yours,

Rajdeep Singh Jolly
Director of Law and Policy
Tel: (202) 393-2700 Ext 131 | Email: rsjolly@saldef.org



**U.S. Equal Employment Opportunity Commission**
**Raleigh Area Office**

1309 Annapolis Drive
Raleigh, NC 27608
(919) 856-4064
TTY (919) 856-4296
FAX (919) 856-4151

October 21, 2009

M. M. Fowler, Inc. d/b/a Family Fare Convenience Stores
EEOC Inquiry No. 433-2008-05811

Surjit S. Saund
621 Appledown Drive
Cary, NC 27513

> **EXHIBIT**
> **3**

Dear Mr. Saund:

   This is in response to the email correspondence that Rajdeep Singh Jolly, Director of Law and Policy, Sikh American Legal Defense and Education Fund sent to us on October 14, 2009, on your behalf concerning, the charge of discrimination that you filed with the Equal Employment Opportunity Commission (EEOC) Raleigh Area Office (433-2008-05811).

   We regret any inconvenience you may have experienced in his attempts to speak with a representative from our office. Regular communications with the parties we serve is an integral part of our case processing procedures. The EEOC expects its employees to be responsive to all inquiries from the public we serve. We also strive to focus our resources on investigating and processing the many charges filed with us. Due to our heavy workload and very limited staffing resources, our staff may not always be immediately available to receive or respond to calls or other communications. We attempted to reach you today but unfortunately, you were not available. We did leave a message for you to contact our office and we look forward to speaking with you.

   We would like to update you on the status of your investigation. We are continuing to investigate the charge of discrimination that you filed against M. M. Fowler, Inc. d/b/a Family Fare Convenience Stores (herein referred to as the employer). In your charge of discrimination, you alleged that you were harassed, denied a religious accommodation and denied hire because of his religion, Sikh.

   On July 25, 2008, you filed your charge of employment discrimination with the EEOC, Raleigh Area Office. After the charge was filed, we notified the employer of your charge and requested a statement of position from the employer. The employer contends that you never applied for employment with their organization to become an employee but rather you were attempting to become a franchise owner. The employer did indicate in their response that based on their dress code policy, employees are not allowed to wear any head coverings. Based on the response we received from the employer, we determined that a site visit was necessary. We notified you on May 20, 2009, of our intention to conduct a site visit and speak with the employer's representatives. On June 10, 2009, Investigator, Mr. Jorge Morales conducted a site visit. He spoke with Mr. Marvin Lee Barnes, Jr. the President/Owner of M. M. Fowler, Inc. and Mr. Jim Hanson, Account Executive.

Based on the site visit conducted by Mr. Morales, we determined that we need additional information from the employer. We are in process of obtaining the additional information from the employer about its relationship with the franchise owners and the dress code policy. Based on the nature of the allegations you presented, we can not tell you exactly how long it will take us to complete our detailed investigation but, we want to assure you that we are processing your charge of employment discrimination as expeditiously and thoroughly as possible. If you have any additional questions or concerns, please contact me at the number listed below or you can email me at thomas.colclough@eeoc.gov.

Thank you.

Sincerely,

Thomas M. Colclough
Director
(919) 856-4085



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Raleigh Area Office**

1309 Annapolis Drive
Raleigh, NC 27608-2129
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Raleigh Status Line: (866) 408-8075
Direct Dial: (919) 856-4075
TTY (919) 856-4296
FAX (919) 856-4151
Website: www.eeoc.gov

Charge Number: 433-2008-05811

Surjit S. Saund
621 Appledown Drive
Cary, NC 27513

Charging Party

M. M. Fowler, Inc., d/b/a Family Fare Convenience Stores
4220 Neal Road
Durham, North Carolina 27705

Respondent

## DETERMINATION

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., and timeliness and all other requirements for coverage have been met.

Charging Party alleges that he was denied a position as an operator because of his Religion-Sikh.

Respondent denies Charging Party's allegation. Respondent asserts that Charging Party did not apply for employment with the Respondent but rather applied for an independent contractor, a position to operate a convenience store location.

Notwithstanding, like and related, and arising as a result of the investigation, the Commission had determined that Respondent's dress code policy has an adverse impact on applicants and employees religious beliefs, i.e., Muslim and Sikh. The Respondent's policy prohibits employees from wearing hats or head-gear of any type while in uniform and also prohibits female employees from wearing skirts. The evidence shows that Respondent's policy not only extends to its individual employees but also to the employees of its Franchisees.

I have determined that the evidence obtained during the investigation does establish a violation of the statute.

**EXHIBIT**
**4**

Upon finding that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of the matter. The confidentiality provisions of Section 107 of the Americans with Disabilities Act of 1990 and Commission Regulations apply to information obtained during conciliation.

If Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the Office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

2-16-10
Date

Thomas M. Colclough
Area Director

To,

Mr. Thomas M. Colclough
Area Director
EEOC  Raleigh Area Office
Raleigh,  NC,  27608

REF: CHARGE NUMBER  433-2008-05811  AND
YOUR LETTER  OF 02/16/2010

Dear Sir

Your above referred letter has advised me that, a commission representative will contact each party in the near future to begin conciliation.

I have not received  information regarding any such meeting so far.

This is for your information.

May  I  Please know, if there is any time limit by which this meeting would take place.

with kind regards,

Yours truly

(Surjit S. Saund)

621, appledown dr, Cary, nc, 27513.   date  04/22/2010

EXHIBIT
5

BURIT S SAOUD
621, APPLECROS DR.
CARY, N.C. 27513

RESEARCH TRIANGLE REGION
NC 276
23 APR 2010 PM 3 T

TO:
MR. THOMAS M. COLCLOUGH
AREA DIRECTOR
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISS
1309, ANNAPOLIS DRIVE
RALEIGH N.C. 27608 - 2129
27608±2129



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Raleigh Area Office**

J. E. Morales.
Federal Investigator
Direct Dial: 919-856-4152

1309 Annapolis Drive
Raleigh, NC 27608
TTY (919) 856-4296
FAX (919) 856-4151

COPY

May 28, 2010

Surjit S. Saund
621 Appledown Drive
Cary, NC 27513

Re:  *Surjit S. Saund v. M. M. Fowler Inc., d/b/a Family Fare Convenience Stores*
     *Charge Number: 433-2008-05811*

Dear Mr. Saund:

Thank you for contacting our agency. This is to remind you that you received your Notice of Rights to Sue in February 2010. The commission was attempting to conciliate a change in the Respondents dress code policy. Unfortunately, the conciliation failed and the Commission has ended its investigation into this matter.

If you have any questions, you may contact the undersigned.

Sincerely,

J. E. Morales
Federal Investigator

<div style="border:2px solid black;background:yellow">

EXHIBIT

__6__

</div>

June 06th 2010.

COPY TO: MR. Thomas M. Colclough
Area Director, EEOC, Raleigh
OFFICE

To,

Mr.J.E Morales
Federal Investigator
U.S. Equal Employment Opportunity Commision
Raleigh Office,

RE: Charge number 433-2008-05811

REF; YOUR LETTER OF 28TH MAY 2010 AND LETTER OF 16TH
FEBRUARY 2010 FROM EEOC, RALEIGH OFFICE.

Dear Sir,

Thanks for your letter of 28th May, 2010, to me.

I am herewith enclosing a Photostat copy of the letter of 16th February,2010, received from Area
Director, EEOC, Raleigh.

The above reffered letter didnot give me the right to sue M. M. Fowler Inc.

I am still waiting for a letter from your office, giving me the right to sue M. M. Fowler inc.

*Please note the change in my mailing address effective June 06, 2010.*

*2216, grande valley circle, cary, nc, 27513.*

Regards,

Sincerely
Surjit Singh Saund.

EXHIBIT
7



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Raleigh Area Office**

1309 Annapolis Drive
Raleigh, NC 27608-2129
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Raleigh Status Line: (866) 408-8075
Direct Dial: (919) 856-4075
TTY (919) 856-4296
FAX (919) 856-4151
Website: www.eeoc.gov

Charge Number: 433-2008-05811

Surjit S. Saund
621 Appledown Drive
Cary, NC 27513

                    Charging Party

M. M. Fowler, Inc., d/b/a Family Fare Convenience Stores
4220 Neal Road
Durham, North Carolina 27705

                    Respondent

## DETERMINATION

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., and timeliness and all other requirements for coverage have been met.

Charging Party alleges that he was denied a position as an operator because of his Religion-Sikh.

Respondent denies Charging Party's allegation. Respondent asserts that Charging Party did not apply for employment with the Respondent but rather applied for an independent contractor, a position to operate a convenience store location.

Notwithstanding, like and related, and arising as a result of the investigation, the Commission had determined that Respondent's dress code policy has an adverse impact on applicants and employees religious beliefs, i.e., Muslim and Sikh. The Respondent's policy prohibits employees from wearing hats or head-gear of any type while in uniform and also prohibits female employees from wearing skirts. The evidence shows that Respondent's policy not only extends to its individual employees but also to the employees of its Franchisees.

I have determined that the evidence obtained during the investigation does establish a violation of the statute.

Upon finding that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of the matter. The confidentiality provisions of Section 107 of the Americans with Disabilities Act of 1990 and Commission Regulations apply to information obtained during conciliation.

If Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the Office'Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

2-16-10
Date

Thomas M. Colclough
Area Director

US POSTAGE AND FEES PAID
JUN 8 2010     Mailed from ZIP 27513
3 oz First-Class Parcel Rate

# FCM



endicia.com                    071V00668638

## USPS FIRST-CLASS

Packaging Depot
Mailed For: SAUND
963 North Harrison Avenue
Cary NC 27513

**SHIP** U.S. E.E.O.C./FEDERAL INVESTIGATOR
**TO:** ATTN:MR.J.E. MORALES
1309 Annapolis Dr
Raleigh, NC 27608-2129

## ZIP - e/ USPS DELIVERY CONFIRM



**420 27608 9101 1480 0860 0862 2802 93**

ELECTRONIC RATE APPROVED # 148008600

International Shipping Notice - Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited. For shipping issues call 1-800-742-5877                      United Parcel Service, Louisville, KY

FRT S·SAUND AD
22·16· GRANDE VALLEY CR.
CARY N· C· 27513



June 14, 2010

**VIA FACSIMILE 919-856-4151**

J. E. Morales
U.S. Equal Employment Opportunity Commission
1309 Annapolis Drive
Raleigh, North Carolina 27608-2129

Re:  *Surjit Saund v. M.M. Fowler, Inc. d/b/a Family Fare Convenience Stores*
     Charge No. 433-2008-05811

Dear Mr. Morales:

I am working with Surjit Saund in connection with the above referenced matter. In a letter dated May 28, 2010, from you to Mr. Saund you refer to the Notice of Right to Sue that was allegedly mailed to Mr. Saund in February 2010. However, Mr. Saund has never received the Notice of Right to Sue. Mr. Colclough sent a letter on or about February 16, 2010, but this letter was a request to conciliate, not a notice of right to sue. Please send Mr. Saund and/or me a right to sue notice so that he can bring an action if he sees fit to do so.

I appreciate your assistance and look forward to hearing from you. Please feel free to call me directly if you have any questions.

Best regards.

Very truly yours,

SMITH MOORE LEATHERWOOD LLP

Mark A. Finkelstein

MAF/jmf
cc:   Thomas M. Colclough, Area Director (via facsimile)

<div style="border:2px solid black; background:yellow;">
**EXHIBIT**
**8**
</div>

Mark A. Finkelstein | Direct 919.755.8819 | Fax 919.838.3124 | mark.finkelstein@smithmoorelaw.com
Smith Moore Leatherwood LLP ▪ Attorneys at Law





뻬. 다  ㅔ] 6: 57

# FACSIMILE

| DATE: | June 14, 2010 |
|---|---|

| TO: | | FAX NO.: | PHONE NO.: |
|---|---|---|---|
| | J.E. Morales<br>US EEOC | 919-856-4151 | 919-856-4152 |
| | Thomas M. Colclough, Area<br>Director<br>US EEOC | 919-856-4151 | 919-856-4075 |

| FROM: | Mark A. Finkelstein | PHONE: | 919.755.8819 |
|---|---|---|---|
| RE: | Charge No. 433-2008-05811 00 - Request for Notice of Right to Sue<br>*Surjit Saund v. M.M. Fowler, Inc. d/b/a Family Fare Convenience Stores* | | |

| Number of Pages with Cover Page: | 2 | Originals Will Not Follow |
|---|---|---|

MESSAGE:

CONFIDENTIALITY NOTICE: This facsimile transmission and the information contained herein are confidential, intended only for the recipient(s) designated above, and may contain information that is legally privileged, attorney work product, or exempt from disclosure under applicable law. If you have received this facsimile in error, or are not the named recipient(s), you are hereby notified that any review, dissemination, distribution or copying of this facsimile and the information contained herein is strictly prohibited. In that event, please immediately notify the sender and return the original message to us via U.S. Postal Service. Thank you.

IRS CIRCULAR 230 NOTICE: To ensure compliance with the requirements of IRS Circular 230, we inform you that any U.S. tax advice contained in this communication or attachment hereto is not intended or written to be used and cannot be used for the purpose of avoiding penalties under the Internal Revenue Code or for promoting, marketing or recommending to another party any transaction or matter addressed in this communication or attachment.

**If you do not receive all of the pages, please call**
**Jeanne M. Foley at 919-755-8716 as soon as possible.**

EEOC Form 161 (11/09)    U. . EQUAL EMPLOYMENT OPPORTUNITY CCMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Surjit S. Saund**
 **621 Appledown Drive**
 **Cary, NC 27513**

From:  **Raleigh Area Office**
 **1309 Annapolis Drive**
 **Raleigh, NC 27608**

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **433-2008-05811** | **J E. Morales,** Investigator | **(919) 856-4152** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____    6-23-10
**Thomas M. Colclough,**    (Date Mailed)
**Director**

Enclosures(s)

cc:  **Jim Henson**
 **Respondents Representative**
 **M. M. FOWLER, INC.**
 **d/b/a Family Fare Convenience Stores**
 **4220 Neal Road**
 **Durham, NC 27705**

EXHIBIT
9

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

<u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing document was served upon the Defendant in this action

pursuant to Fed.R.Civ.P. 5(b)(2)(E) and Local Rule 5.1(e) (EDNC), by electronically filing the

same using the Case Management/Electronic Case Filing system in accordance with the Policy

Manual, and by placing a true copy of the same in the United States mails, first class postage

prepaid, in an envelope addressed as follows:

<div align="center">
Kerry A. Shad<br>
Kimberly J. Korando<br>
Smith Anderson Blount Dorsett, Mitchell & Jernigan, LLP<br>
P.O. Box 2611<br>
Raleigh, NC 27602
</div>

This the 20th day of December, 2010.


<u>/s/ David C. Ware</u>
David C. Ware, Esq.
Attorney for Plaintiff
Debevoise & Plimpton LLP
555 13th Street, N.W.
Washington, DC 20004
dcware@debevoise.com
Tel 202-383-8000
District of Columbia Bar No. 488489