UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CV-00391-BO

| | |
|---|---|
| Surjit Singh Saund, an individual, : | |
| : | |
| Plaintiff, : | PLAINTIFF'S PROPOSED |
| : | DISCOVERY PLAN |
| vs. : | |
| : | |
| M.M. Fowler Inc., d/b/a/ Family Fare Convenience : | |
| Stores, a North Carolina corporation, : | |
| : | |
| Defendant. : | |
| : | |

Plaintiff Surjit Singh Saund respectfully submits this Proposed Discovery Plan to the Court pursuant to Fed. R. Civ. P. 26(f). Counsel for Mr. Saund conferred during the week of December 13, 2010 with counsel for defendant M.M. Fowler, Inc. ("Fowler") concerning the arrangement of a meet-and-confer session to discuss a joint proposed plan, but counsel for Fowler declined to participate, asserting that it is not yet necessary to meet and confer because (a) this Court has not yet issued an Order for a Discovery Plan pursuant to Local Rule 26.1(e)(2), and (b) the Court has not yet ruled on Fowler's motion for protective order to stay discovery ("Stay Motion"). Because Mr. Saund does not read the local rule as tolling counsel's mandatory deadlines under Fed. R. Civ. P. 16 and 26, Mr. Saund respectfully submits the following Plan:

## [Proposed] Discovery Plan

1. <u>Initial Disclosures</u>. The parties will serve the initial disclosures required by Fed. R. Civ. P. 26(a)(1) within five (5) business days of the Court's entry of its Scheduling Order;

2. <u>Discovery</u>. Discovery will be required on the following issues: (*i*) the allegations contained in Mr. Saund's Complaint dated September 21, 2010; (*ii*) any defenses or responses raised by Fowler to those allegations; and (*iii*) any other issues that are relevant pursuant to Fed. R. Civ. P. 26.

    a. *Commencement of Discovery*. Discovery will commence upon the issuance of a Scheduling Order by the Court pursuant to Fed. R. Civ. P. 16(b).

    b. *Cessation of Discovery*. Discovery will cease on **October 11, 2011**, or nine (9) months after the issuance of the Court's Scheduling Order, whichever is later.

    c. *Electronic Discovery*. All documents and communications should be produced in original format on CDs or DVDs that identify the producing party, the date of production, and the contents of the CD or DVD.

    d. *Interrogatories*. Consistent with Fed. R. Civ. P. 33, the parties shall serve no more than twenty-five (25) interrogatories on the other party. Consistent with Local Rule 33.1, the parties shall endeavor to provide interrogatories in a form that is electronically fillable.

    e. *Requests for Admission*. Consistent with Fed. R. Civ. P. 36, each party may propound a maximum of twenty-five (25) requests for admission.

    f. *Responses to Written Discovery*. Responses to written discovery requests shall be due within thirty (30) days after service unless extended by agreement of the parties or by Order of the Court. Neither party should request an extension of time to respond to discovery absent unusual circumstances.

    g. *Depositions*. A maximum of fifteen (15) depositions may be taken by each party. Unless extended by agreement of the parties or by Order of the Court, each deposition shall be limited to a maximum

of seven (7) hours, except that Mr. Saund shall have ten (10) hours for the Defendant's deposition pursuant to Fed. R. Civ. P. 30(b)(6).

    h. *Expert Witnesses.* Disclosure of experts and reports from retained experts on Plaintiff's claims as set forth in his Complaint under Fed. R. Civ. P. 26(a)(2) are due from Plaintiff by **May 2, 2011**, and from Defendants by **June 2, 2011**. The Plaintiff will submit any Rebuttal Expert Witness Reports to Defendant by **July 1, 2011**. The parties will produce their respective experts for deposition if requested, no later than **August 1, 2011**.

    i. *Rule 26(e) Supplementations.* Consistent with Fed. R. Civ. P. 26(e), the parties will supplement discovery responses as soon as the need to do so becomes reasonably apparent, but no later than the later of fifteen (15) days prior to the close of discovery, or **September 26, 2011**.

3. Other Items.

    a. Plaintiff should be allowed until ninety (90) days after the Court's entry of its Scheduling Order to join additional parties and amend the pleadings.

    b. All potentially dispositive motions will be filed on or before November 30, 2011.

    c. Plaintiff believes that mediation need not await the close of discovery, but could reasonably occur after the Court rules on Defendant's Motion to Dismiss and for Partial Summary Judgment.

    d. This case does not need early judicial intervention due to complexity or other factors.

    e. Plaintiff does not request an initial pretrial with respect to this proposed Discovery Plan. A final pretrial conference is requested at least one (1) month before the trial date.

    f. Pursuant to Fed. R. Civ. P. 26(a)(3) and applicable Local Civil Rules, the parties will exchange pre-trial disclosures no later than thirty (30) days after the Court's entry of its ruling on any dispositive motions, and each party shall have fourteen (14) days to designate and serve objections to the other party's pre-trial disclosures.

  g. Plaintiff estimates that a trial in this matter will take **ten (10) days**.

This the 21st day of December 2010.

| | |
|---|---|
| /s/ John B. Missing | /s/ Victoria W. Ni |
| John B. Missing, Esq. | Victoria W. Ni, Esq. |
| Attorney for Plaintiff | Attorney for Plaintiff |
| Debevoise & Plimpton LLP | PUBLIC JUSTICE, P.C. |
| 555 13th Street, N.W. | 555 12th Street, Suite 1620 |
| Washington, DC 20004 | Oakland, CA 94607-3693 |
| jmissing@debevoise.com | vni@publicjustice.net |
| Tel 202-383-8000 | Tel 510-622-8150 |
| District of Columbia Bar No. 425469 | California Bar No. 212443 |
| | |
| /s/ David C. Ware | /s/ Laura J. Wetsch |
| David C. Ware, Esq. | Laura J. Wetsch |
| Attorney for Plaintiff | Attorney for Plaintiff |
| Debevoise & Plimpton LLP | Winslow Wetsch, PLLC |
| 555 13th Street, N.W. | 416 Morson Street |
| Washington, DC 20004 | Raleigh, NC 27601 |
| dcware@debevoise.com | lwetsch@winslow-wetsch.com |
| Tel 202-383-8000 | Tel 919-834-6534 |
| District of Columbia Bar No. 488489 | Fax 919-834-6536 |
| | North Carolina State Bar No. 19491 |
| | LR 83.1 counsel |

CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon the Defendant in this action pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5.1(e) (EDNC), by electronically filing the same using the Case Management/Electronic Case Filing system in accordance with the Policy Manual, and by placing a true copy of the same in the United States mails, first class postage prepaid, in an envelope addressed as follows:

>  Kerry A. Shad
>  Kimberly J. Korando
>  Smith Anderson Blount Dorsett, Mitchell & Jernigan, LLP
>  P.O. Box 2611
>  Raleigh, NC 27602

This the 21st day of December 2010.

>  /s/ David C. Ware
>  David C. Ware, Esq.
>  Attorney for Plaintiff
>  Debevoise & Plimpton LLP
>  555 13th Street, N.W.
>  Washington, DC 20004
>  dcware@debevoise.com
>  Tel 202-383-8000
>  District of Columbia Bar No. 488489