IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-00391-BO

| | |
|---|---|
| SURJIT SINGH SAUND, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **SCHEDULING ORDER** |
| | ) |
| M.M. FOWLER INC., *d/b/a Family Fare* *Convenience Stores*, a North Carolina corporation, | ) ) ) |
| | ) |
| Defendant. | ) |

This matter is before the court on the Discovery Plan filed by the parties on February 2, 2011 [DE-28]. The Discovery Plan has been considered by the court and found to be reasonable. Accordingly, the Discovery Plan is **APPROVED AND ORDERED** with the following critical deadlines:

1. Reports from retained experts are due from the plaintiff by **May 2, 2011** and from the defendant by **June 15, 2011**;

2. All discovery will be concluded by **October 11, 2011**;

3. All potentially dispositive motions will be filed by **November 11, 2011**; and

4. This matter will be set for trial by separate order from Judge Terrence W. Boyle. Pursuant to the August 20, 2002 Standing Order entered by Judge Boyle, the Court reserves the right to schedule the case for trial as early as thirty (30) days after the dispositive motion deadline.

A trial calendar indicating the order in which cases will be called for trial will be distributed two months before trial. At the same time, a final pretrial conference will be scheduled approximately two weeks before trial.

The remaining provisions of the Discovery Plan not inconsistent with the foregoing are

approved and adopted as this court's order.

Any Defendant who makes an appearance after this scheduling order has been entered shall be required to confer with opposing counsel within 20 days after the Defendant's appearance in the case. Such Defendant will be bound by the discovery provisions contained in this order unless the Defendant petitions the court by motion to amend this order.

Supplementation under Rule 26(e) must be made promptly after receipt of the information by the party or counsel but in no event later than the close of discovery. In addition, motions to join additional parties and to amend pleadings must be made promptly after the information giving rise to the motion becomes known to the party or counsel.

Counsel are reminded that on consent of all of the parties, and with the concurrence of the district judge, this case may be referred to a magistrate judge for jury or bench trial with a peremptory trial setting and with the right of direct appeal to the Fourth Circuit. A copy of the consent form may be obtained from the Clerk.

This case is subject to mandatory mediation, pursuant to Local ADR Rule 101.1a(b) If the parties are able to agree on a mediator, they shall file a statement identifying the selected mediator and meeting the other applicable requirements within 21 days after entry of this Order, in accordance with Local ADR Rule 101.1c(a). If a statement is not timely filed, the Clerk will appoint a mediator from the list of court-certified mediators, in accordance with Local ADR Rule 101.1c(b). The parties are also reminded that on request, this court will assist with settlement negotiations or other ADR such as summary jury trial by making available a judge other than the trial judge to explore these possibilities.

This 3rd day of February, 2011.

DAVID W. DANIEL
United States Magistrate Judge