IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:10-CV-00391-BO

| | | |
|---|---|---|
| SURJIT SINGH SAUND, | ) | |
| | ) | |
| Plaintiff, | ) | CONSENT PROTECTIVE ORDER |
| | ) | |
| -vs- | ) | |
| | ) | |
| M.M. FOWLER, INC. d/b/a | ) | |
| FAMILY FARE CONVENIENCE | ) | |
| STORES, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Surjit Saund ("Plaintiff") and Defendant M.M. Fowler ("Defendant") having all agreed upon and consented thereto, and for good cause shown, IT IS HEREBY ORDERED as follows:

**1.** This Consent Protective Order governs the use of all produced documents, responses to interrogatories and requests for admissions, deposition transcripts and any other information, documents, objects or things which have been or will be produced by any party or non-party during pretrial proceedings in this action.

**2.** "Confidential Information" shall mean sensitive, confidential information involving matrimonial, financial, medical or family matters, or trade secrets and other confidential business information (regardless of how generated, stored or maintained). Parties and non-parties may designate any Confidential Information supplied in any form, or any portion thereof, as Protected Material (defined below) for purposes of these proceedings. Such designation shall constitute a representation to the Court that counsel believes in good faith that the information constitutes Confidential Information. The parties and non-parties shall make a good faith effort to designate

information so as to provide the greatest level of disclosure possible, but still preserve confidentiality as appropriate.

**3. DEFINITIONS**

3.1. Party: any party to this action, including all of its officers, directors, consultants, retained experts, and outside counsel (and their support staff).

3.2. Non-party: any individual, corporation, association, or other natural person or entity other than a party.

3.3. Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3.4. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.5. Producing Party: a Party or Non-party that produces Disclosure or Discovery Material in this action.

3.6. Designating Party: a Party or Non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential – Subject to Protective Order" or "Confidential – Attorneys' Eyes Only – Subject to Protective Order." The Party or Non-party designating information or items as confidential bears the burden of establishing the confidentiality of all such information or items.

3.7. Protected Material: any Disclosure or Discovery Material that is designated by a Party or Non-party as "Confidential – Subject to Protective Order" or "Confidential – Attorneys' Eyes Only – Subject to Protective Order" and within the scope of Paragraph 1 above, unless the

Receiving Party challenges the Confidentiality designation and (a) the Court decides such material is not entitled to protection as confidential; (b) the Designating Party fails to apply to the Court for an order designating the material Confidential within the time period specified below; or (c) the Designating Party withdraws its Confidentiality designation in writing.

    3.8. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

    3.9. <u>House Counsel</u>: attorneys who are employees of a Party.

    3.10. <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

    3.11. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its/her/his counsel to serve as an expert witness or as a consultant in this action and who is not: (a) a past or a current employee of a Party; (b) a past or a current employee of a competitor of a Party; or (c) at the time of retention, anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

    3.12. <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; *etc*.) and their employees and subcontractors.

## 4. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also testimony, conversations, or presentations by parties or counsel to or in court or in other settings that reveal Protected Material.

**5.   DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**6.   DESIGNATING PROTECTED MATERIAL**

6.1.   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-party that designates information or items for protection under this Order must use good faith efforts to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must use good faith efforts to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  If any portion of a page in a document contains Protected Material, it is permissible for a Party or Non-party to designate the entire page as Confidential under paragraph 6.3.

Mass, indiscriminate, or routine designations are strictly prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), may subject the Designating Party to sanctions upon appropriate motion to the Court.

If it comes to a Party's or a Non-party's attention that information or items that it designated for protection do not qualify for protection, that Party or Non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

6.3. <u>Designation in Conformity with this Order</u>.

a. <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "Confidential – Subject to Protective Order" or "Confidential – Attorneys' Eyes Only – Subject to Protective Order" at the bottom of each page that contains protected material.

A Party or Non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" at the bottom of each page that contains Protected Material. As for any documents or materials made available for inspection which the Producing Party believes are appropriately designated as "Confidential – Attorneys' Eyes Only," only counsel for the inspecting Party may review such materials, and the same procedure as set forth above will be followed. Such materials shall be deemed "Confidential – Attorneys' Eyes Only" during the inspection and prior to the designation.

b. <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, a Designating Party must identify on the record, before the close of the deposition, hearing, or

5

Case 5:10-cv-00391-BO   Document 37   Filed 04/08/11   Page 5 of 17

other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days after receipt of the deposition transcript to identify the specific portions of the testimony and deposition exhibits as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Consent Protective Order. During such 20-day period, the entire deposition transcript and all exhibits shall be deemed to be Confidential Information for purposes of this Order.

Transcript pages and exhibits containing Protected Material must be separately bound by the court reporter, who must affix to the bottom of each such page the legend "Confidential," as instructed by the Designating Party. If only a portion of the material on a page qualifies for protection, the Designating Party also must clearly identify in writing the protected portion(s) (*e.g.,* by page and line number).

c. <u>For information produced in some form other than documentary, and for any other tangible items</u>, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential – Subject to Protective Order" or "Confidential – Attorneys' Eyes Only – Subject to Protective Order." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall also identify the protected portions in such a way that does not interfere with the viewing of the evidence.

6.4. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Confidential – Attorneys' Eyes

Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

      6.5.    <u>Inadvertent Production of Privileged Information</u>. If a party, through inadvertence, produces or provides material that it believes is subject to a claim of attorney-client privilege, work product immunity, or any other privilege or immunity, the Producing Party may give written notice to the Receiving Party that the material is subject to a specific privilege or immunity and request that the material be returned to the Producing Party. The inadvertent production alone shall not constitute a waiver of any privilege or immunity. The Receiving Party shall return the material. Return of the material shall not constitute an admission or concession, or permit any inference that the returned material is, in fact, properly subject to a claim of any privilege or immunity, nor shall it foreclose any party from moving the Court for an order that such document or thing has been improperly designated.

**7.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

      7.1.    <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      7.2.    <u>Meet and Confer.</u> A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by

conferring directly with counsel for the Designating Party.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party ten (10) business days to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

       7.3.    <u>Formal Challenge to Designation.</u>  If, after engaging in the meet and confer process, a Challenging Party still contends that a confidentiality designation was not proper, the Challenging Party may at any time give written notice by way of a letter to the Designating Party stating its objection to the confidentiality designation.  The Designating Party has twenty-five (25) days from receipt of such written notice to apply to the Court for an order specifically designating the Disclosure or Discovery Material at issue as confidential.  The Party seeking such an order has the burden of establishing good cause for the Disclosure or Discovery Material to be treated as confidential.

       7.4.    <u>Treatment of Information While Challenge is Pending</u>. Notwithstanding any challenge to the designation of Disclosure or Discovery Material as Confidential, all materials designated as such must be treated as such and subject to this Order until one of the following occurs:

       a.   the Designating Party withdraws its Confidentiality designation in writing;

       b.   the Designating Party fails to apply to the Court for an order designating the material Confidential within the time period specified above after receipt of a written challenge to such designation; or

8

Case 5:10-cv-00391-BO   Document 37   Filed 04/08/11   Page 8 of 17

      c. the Court decides the material at issue is not subject to protection as confidential.

8. **ACCESS TO AND USE OF PROTECTED MATERIAL**

    8.1. <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions as are described herein.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    8.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    a. Outside Counsel of record of any Party in this action, including associated personnel necessary to assist Outside Counsel in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel;

    b. Parties to this litigation and their officers, directors, and employees (including House Counsel) to whom disclosure is reasonably necessary for this litigation;

    c. Experts (as defined in this Order) of the Receiving Party, including associated personnel necessary to assist Experts in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel, so long as such Expert has signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

d. the Court, including associated personnel necessary to assist the Court in its functions, and the jury;

e. litigation support services, including outside copying services, court reporters, stenographers, videographers, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel for the purpose of assisting that Party in these proceedings, for whom a company representative has signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

f. other professional vendors to whom disclosure is reasonably necessary for this litigation and for whom a company representative has signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

g. actual or potential deponents or witnesses in the action who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A), provided that counsel believes, in good faith, that such disclosure is reasonably necessary to sustain or oppose any claim or defense, to examine or cross-examine any such witnesses, or to support or oppose any motion before the Court; and provided further that counsel of record making the disclosure maintains a log of all individuals to whom such disclosure is made which may then be referred to in the event the Designating Party reasonably believes that a disclosure in violation of this Order has occurred. The disclosing counsel shall endeavor to assist the Designating Party in determining the source of the disclosure, including by identifying to the Designating Party the identities of the individuals to whom disclosure has been made (including the nature and date of the disclosure), in a manner which does not reveal the disclosing counsel's work product or theories of the case;

h. the author of the document or the original source of the information;

10

i. counsel for issuers of insurance policies under which any issuer may be liable to satisfy part or all of a judgment that may be entered in these proceedings or to indemnify or reimburse payments or costs associated with these proceedings and who has signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

j. any mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties and the mediator or arbitrator's secretarial and clerical personnel, provided that a company representative for the mediator or arbitrator has signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A); and

k. any other person as to whom the Designating Party has consented to disclosure in advance and in writing, on notice to each Party hereto.

8.3. <u>Disclosure of "Confidential – Attorneys' Eyes Only" Information or Items.</u>

a. Any documents or information produced or provided during the course of discovery may be designated by the Producing or Receiving Party as "Confidential - Attorneys' Eyes Only." Documents or information so designated may be disclosed only to (a) counsel of record, including necessary legal assistants assisting such counsel and necessary secretarial and clerical personnel assisting such counsel; (b) court reporters and their stenographic employees transcribing testimony in and from notes taken during depositions and hearings held in connection with this action; (c) the Court and the jury during any trial or other hearing of this case or in conjunction with the filing of any motion in this case. Documents or information designated "Confidential – Attorneys' Eyes Only" shall not be disclosed to any party or other person. The provisions set forth in this Protective Order that apply to Confidential Information shall also apply to material designated "Confidential – Attorneys' Eyes Only," with the exception of Paragraph 8.2.

11

      b.    After reviewing documents or information labeled "Confidential – Attorneys' Eyes Only," counsel for the party receiving such documents or information may notify counsel for the producing party of any such documents or information counsel for the receiving party believes they need to share with their client or other witnesses in order to properly prepare for and litigate this case. Counsel for the parties then will attempt to resolve these issues in good faith. If counsel are unable to reach such resolution, they will then proceed as described in Paragraph 7.

9. **<u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

      If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Material (defined above), the Receiving Party must so notify the Designating Party through his/its counsel of record, in writing (by e-mail or fax, if possible) within three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

      The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Consent Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

      The Receiving Party must abstain from production/disclosure of Protected Material until the earlier of ten (10) court days after service of the subpoena or the date set for production by the subpoena, but in no event earlier than two (2) court days after written notification to the Designating Party's counsel, in order that the Designating Party may have an opportunity to take

12

steps to prevent the disclosure. If the Designating Party takes steps to prevent disclosure within the time provided above, then the Receiving Party shall not make any disclosure of Protected Material unless and until the Court has ruled on the Designating Party's motion.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Consent Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with applicable law. The fact that Discovery Material has been designated as "Confidential" shall not be deemed an admission that the Material in fact constitutes Confidential Information, nor shall the designation be admissible as evidence that the Material in fact contains Confidential Information.

12. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, and if requested by the Producing Party, each Receiving Party must return all Protected Material to the Producing Party within thirty (30) days after the final termination of this action, whether by settlement or

adjudication, including any appellate proceedings. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION), above.

13. **MISCELLANEOUS**

    13.1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    13.2. <u>Right to Assert Other Objections</u>. By consenting to the entry of this Protective Order no Party concedes or agrees that any document is actually "Confidential" or appropriate for "Confidential – Attorneys' Eyes Only" designation, or waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Consent Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    13.3. The Court shall retain jurisdiction, both before and after entry of final judgment of this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

    13.4. This Consent Protective Order shall be effective as to each party and his/its counsel of record upon execution by counsel of record, irrespective of the date on which this Consent Protective Order is signed and entered by the Court.

SO ORDERED, this the _____ day of _____, 2011.

_____
The Honorable Terrence W. Boyle
U.S. District Court Judge

CONSENTED TO:

*Counsel for the Plaintiff:*


 /s/ Laura J. Wetsch_____
Laura J. Wetsch, N.C.Bar #19491
WINSLOW WETSCH, PLLC
416 Morson Street
Raleigh, NC 27601
(919) 834-6534
lwetsch@winslow-wetsch.com


 /s/ David C. Ware_____
David C. Ware
Debevoise & Plimpton LLP
555 13th Street, N.W.
Washington, DC 20004
dcware@debevoise.com


 \_\_/s/ Victoria W. Ni_____
Victoria W. Ni
Public Justice, P.C.
555 12th Street, Suite 1620
Oakland, Ca 94607-3693
vni@publicjustice.net

*Counsel for the Defendant:*

\_\_/s/ Kerry A. Shad_____
Kerry A. Shad
N.C. Bar No. 18410
SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P.
Post Office Box 2611
Raleigh, NC 27602
(919) 821-6672
kshad@smithlaw.com


\_\_/s/ Isaac A. Linnartz_____
Isaac A. Linnartz
N.C. Bar No. 39858
SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P.
Post Office Box 2611
Raleigh, NC 27602
(919) 821-6819
ilinnartz@smithlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:10-CV-00391-BO

| | | |
|---|---|---|
| SURJIT SINGH SAUND, | ) | |
| | ) | |
| Plaintiff, | ) | PROTECTIVE ORDER AND |
| | ) | CONFIDENTIALITY AGREEMENT |
| -vs- | ) | |
| | ) | |
| M.M. FOWLER, INC. d/b/a | ) | |
| FAMILY FARE CONVENIENCE | ) | |
| STORES, | ) | |
| | ) | |
| Defendant. | ) | |

I acknowledge that I have read and understand the Protective Order and Confidentiality Agreement entered in this action on _____, 2011, and agree to abide by its terms and conditions. Because it is necessary for me in the performance of my duties to have access to Confidential Matter and information contained therein that are the subject of said Confidentiality Agreement and Protective Order, I understand and agree that I am personally bound by and subject to all of the terms and provisions of said Confidentiality Agreement and Protective Order. I subject myself to the jurisdiction and venue of the U.S. District Court for the Eastern District of North Carolina for purposes of enforcement of this Agreement and Order.

Witness my signature this _____ day of _____, 2011.

_____
Signature

Address:_____

Telephone:_____

17